## Edna CROSS *v.* MAGNOLIA HOSPITAL RECIPROCAL GROUP OF AMERICA

CA 03-10                                    109 S.W.3d 145

Court of Appeals of Arkansas
Division II
Opinion delivered June 4, 2003

*Compton, Prewett, Thomas & Hickey, L.L.P.*, for appellant.

*Bridges, Young, Matthews & Drake, PLC*, by: *Michael J. Dennis*, for appellee.

TERRY CRABTREE, Judge. In this workers' compensation case, the Commission affirmed and adopted the decision of the administrative law judge to deny benefits to the appellant, Edna Cross. The Commission found that appellant

failed to prove by a preponderance of the evidence that she sustained either a specific-incident injury or a gradual-onset injury to her back. On appeal, she asserts that the Commission erred as a matter of law in denying her claim for "temporary total disability benefits and medical benefits because there was no objective finding of the injury." Specifically, appellant argues that objective medical findings are not necessary for the Commission to award temporary total disability benefits pursuant to a gradual-onset injury. We affirm.

Appellee Magnolia Hospital began employing appellant as a registered nurse in 1990. She testified that she was trained to work in many areas of the hospital but was assigned to the intensive care unit. She described her physical job duties in great detail and explained her various activities that required lifting, stooping, bending, pushing, and pulling.

Appellant underwent surgery to her back in 1998 for a condition unrelated to her employment. The pre-surgery radiology report from the Magnolia Hospital dated May 17, 1998, revealed degenerative bone and joint changes and degenerative disc disease at L5-S1. Appellant's treating neurosurgeon, Dr. Scott Schlesinger, interpreted the pre-surgical myelogram and CT scan as revealing a left L4-5 disc herniation with nerve-root compression and an osteophyte and spondylosis at the L5-S1 level. During surgery on June 9, 1998, Dr. Schlesinger located and removed a large disc herniation at the L4-5 level. After five weeks of recovery, appellant returned to work. In his report dated June 29, 1998, Dr. Schlesinger limited appellant to lifting no more than forty pounds for three months.

After being released to return to work, appellant presented to her family physician, Dr. Fred Murphy, with complaints of low-back pain on October 27, 1998. She again returned to Dr. Murphy with complaints of back pain on August 27, 1999. After this visit, she did not complain of lower-back pain upon her visits to Dr. Murphy until January 2, 2001. Appellant testified at her hearing about several incidents at work in which she developed back pain. Appellant completed several Quality Management Performance Reports detailing each incident occurring at work. However, the medical records reveal that she only sought medical treatment for lower-back pain related to one of these incidents.

On appeal, she does not challenge the Commission's determination that she did not sustain a compensable injury resulting from a specific incident. Furthermore, she does not challenge the Commission's determination that she did not sustain a compensable injury resulting from gradual onset. For our review, she only asks us to decide whether the Commission erred as a matter of law in requiring her to provide objective medical findings to support her entitlement to temporary total disability benefits. Appellant's argument fails for two reasons.

■ First, appellant misunderstood the Commission's determination. The Commission only required her to provide objective medical findings in support of her alleged compensable injury. The requirement that a compensable injury be established by medical evidence supported by objective medical findings applies only to the existence and extent of the injury. *Stephens Truck Lines v. Millican*, 58 Ark. App. 275, 950 S.W.2d 472 (1997).

■ ■ Second, appellant's argument is misplaced; it presupposes that she sustained a compensable injury. In this case, the Commission rejected her arguments that she sustained a compensable injury resulting from a specific incident or from gradual onset. Without an initial finding of compensability, a claimant cannot be awarded temporary-total disability benefits or additional medical treatment. *See* Ark. Code Ann. § 11-9-102(4)(D) (Supp. 1999). Although objective medical findings are not directly necessary for the Commission to award temporary-total disability benefits, such findings are required for the underlying injury to be compensable. *Williams v. Prostaff Temporaries*, 64 Ark. App. 128, 979 S.W.2d 911 (1998), *aff'd*, *Williams v. Prostaff Temporaries*, 336 Ark. 510 (1999). Because appellant did not establish that she sustained a compensable injury, she cannot be entitled to temporary total disability benefits.

We affirm.

GRIFFEN and VAUGHT, JJ., agree.