Robert E. MURPHY *v.* FORSGREN, INC. &
General Accident Insurance Company

CA 06-1190                                       258 S.W.3d 794

Court of Appeals of Arkansas
Opinion delivered June 13, 2007

*Frederick Strawn Spencer,* for appellant.

*Michael E. Ryburn,* for appellee.

SAM BIRD, Judge. In 1998 appellant Robert Murphy sustained a compensable workers' compensation injury in a backhoe accident that required extensive medical treatment and surgeries to his right foot and leg. In 2006, a hearing took place before an administrative law judge on Murphy's subsequent claim for additional benefits, which appellee Forsgren, Inc., controverted. The law judge denied the claim, as did the Workers' Compensation Commission in an opinion of July 31, 2006. Murphy now appeals the Commission's decision: he raises four points challenging the suffi-

ciency of the evidence to support the Commission's findings, and he raises three points concerning constitutional issues. We affirm the denial of the claim.

## Sufficiency of the Evidence

Where the sufficiency of the evidence is challenged on appeal, we review the evidence in the light most favorable to the findings of the Commission and will affirm if those findings are supported by substantial evidence. *Cooper Tire & Rubber Co. v. Angell*, 75 Ark. App. 325, 58 S.W.3d 396 (2001); *Ringier Am. v. Combs*, 41 Ark. App. 47, 849 S.W.2d 1 (1993). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Wheeler Constr. Co. v. Armstrong*, 73 Ark. App. 146, 41 S.W.3d 822 (2001). Determinations of credibility and the weight to be given a witness's testimony fall within the sole province of the Commission. *Powers v. City of Fayetteville*, 97 Ark. App. 251, 248 S.W.3d 516 (2007).

Without an initial finding of compensability, a claimant cannot be awarded temporary total disability benefits or additional medical treatment. *Cross v. Magnolia Hosp. Reciprocal Group of Am.*, 82 Ark. App. 406, 109 S.W.3d 145 (2003). The healing period continues until the employee is as far restored as the permanent character of the injury will permit. *Breakfield v. In & Out, Inc.*, 79 Ark. App. 402, 88 S.W.3d 861 (2002).

At the hearing before the administrative law judge, Murphy contended that problems with his neck and back were attributable to his 1998 compensable injury and that he also suffered depression as a result of the accident. He sought payment of medical benefits relating to his neck, back, and depression; payment for a pain pump; and temporary total disability benefits from January 28, 2002, to an undetermined date. The law judge, and subsequently the Commission, found that Murphy failed to meet his burden of proof regarding any of these claims for additional benefits.

As his first point on appeal, Murphy challenges the sufficiency of the evidence to prove compensable injuries to his lumbar spine and cervical spine. The Commission noted that Murphy had been in a motor vehicle accident in 1999, a date that preceded all medical records reflecting the time that he sought medical treatment for any back complaints. The Commission's assessment of the medical evidence was as follows. On May 14, 2001, two-and-one-half years after his injury, an emergency room report indicated

that Murphy's back pain and history of complaints had begun just two weeks earlier. Medical records of Dr. Ruth Thomas dated February 21, 2001, May 23, 2001, and April 25, 2002, did not contain any mention of low-back complaints. Little weight was given to Dr. Tony Raben's opinion that Murphy's back and neck complaints were caused by the 1998 accident for the following reasons: Raben's evaluation was more than three years after the accident, his opinion was based on the history related to him by Murphy and indicated no awareness of the vehicular accident, and there was contradiction between Raben's explanation that an altered gait from the 1998 accident caused the back problems and Murphy's testimony that he injured his neck and back at the time of the 1998 accident. Finally, the Commission noted that although Murphy's back complaints were mentioned in a functional-capacities evaluation, the evaluation did not mention injury as a cause of those complaints.

In his second point on appeal, Murphy challenges the Commission's finding that he failed to prove entitlement to temporary disability benefits for the period from January 28, 2002, until an undetermined date. The Commission pointed to Dr. Thomas's report of September 4, 2001, that Murphy had reached maximum medical improvement for his compensable right-foot injury, and it stated that there was no indication subsequent to that date that he re-entered his healing period or suffered a total incapacity to earn wages as a result of the injury.

Murphy's third point disputes the Commission's finding that he failed to prove that his depression was a result of his compensable right-foot injury. The Commission noted that Murphy's psychological complaints did not appear in medical records until 2002; that Dr. Thomas's clinic note of February 21, 2001, stated that Murphy did not suffer from psychological problems; and that on September 4, 2001, Thomas assigned Murphy a permanent physical impairment rating and stated that he had reached maximum medical improvement with respect to his work-related injury.

Murphy's final challenge to the sufficiency of the evidence is in regard to the Commission's finding that he failed to prove that a pain pump recommended by his treating physician was reasonably necessary for treatment of his compensable injuries. The Commission pointed to Murphy's testimony that he was not sure whether he even wanted the pain pump, and it found that he had

failed to prove that the pump was for treatment of the compensable work-related injury to his right lower extremity.

■ Murphy bases his sufficiency arguments on the greater weight of the evidence, the preponderance of the evidence, and other grounds that are not within our standard of review. Under the proper standard of review, there is no merit to his arguments. The evidence as summarized in the previous paragraphs of this opinion constitutes substantial evidence to support the four findings that Murphy now challenges.[1]

### Constitutional Issues

Murphy's three final points on appeal are these: that his evidence established that the executive branch of the State of Arkansas and private interests have exerted pressure on the administrative law judges and the Commission, which has infringed upon their decisional independence and resulted in actual bias and the appearance of bias; that an administrative quasi-judicial procedure that does not provide safeguards to protect the decisional independence of hearing officers violates the separation of powers doctrine established by the Constitution of the State of Arkansas; and that the external pressure exerted by political and private interests upon the quasi-judicial administrative decision makers violates the due-process rights of the parties appearing before the agency and invalidates and renders void the adjudicative procedure of the agency.

Prior to his hearing date of February 6, 2006, Murphy notified the Arkansas Attorney General and the Workers' Compensation Commission of several constitutional challenges to our workers' compensation law and the Commission's procedure for adjudicating claims. Murphy also filed a motion for recusal of the administrative law judge scheduled to hear this case. Attached to Murphy's motion were affidavits by former administrative law judges William Daniels and Michael White; Murphy maintained that these affidavits were proof that administrative law judges and Commissioners felt pressure from Arkansas's executive branch to rule on issues in a manner favorable to certain private business entities.

---

[1] No medical records appear in Murphy's appellate brief. We are allowed to go to the record to affirm, *Smith v. Aluminum Co. of Am.*, 78 Ark. App. 15, 76 S.W.3d 909 (2002), and we have done so in this case.

■  The three points Murphy now raises and his supporting arguments are identical to points and arguments that were presented to this court in *Long v. Wal-Mart Stores, Inc.*, 98 Ark. App. 70, 250 S.W.3d 263 (2007). The Commission rejected Murphy's constitutional challenge, analogizing his case to *Long* and noting each claimant's failure to demonstrate that the administrative law judge who decided Murphy's case was under pressure or biased in any way against the claimant. We agree with the Commission's analogy. *See id.* (holding in part that Long failed to establish any of the following: bias against him or his attorney resulting from any pressure from the executive branch or private interests, violation of due-process rights concerning the individual parties in the case at issue, violation of separation of powers, and violation of his due-process rights under our workers' compensation law).

Additionally, we note that Daniels was a law judge from April 2000 to May 2003, and White was employed as an attorney for the Commission from November 1990 to September 1995 before serving as law judge from September 1995 to September 2004. Their testimony referred to their perception that, during these periods of time, administrative law judges in Arkansas felt pressure from the executive branch to rule favorably to private businesses. Murphy's hearing, before a different law judge, did not take place until February 2006. Thus, Murphy has failed to establish that the law judge who heard his case was subject to pressures allegedly exerted by the executive branch against law judges at an earlier time.

Just as in *Long*, here we find no merit in the constitutional arguments presented on appeal. Accordingly, this case is affirmed.

Affirmed.

VAUGHT and BAKER, JJ., agree.