SLIP OPINION



Cite as 2015 Ark. App. 505

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-15-260

| | |
|---|---|
| UNIVERSITY OF ARKANSAS PUBLIC EMPLOYEE CLAIMS DIVISION<br><br>APPELLANT<br><br>V.<br><br><br>KYM TOCCI<br>APPELLEE | **Opinion Delivered** September 23, 2015<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G203172]<br><br><br><br>AFFIRMED |

## RITA W. GRUBER, Judge

The University of Arkansas (U of A) appeals the January 14, 2015 decision of the Arkansas Workers' Compensation Commission awarding additional medical treatment to Kym Tocci for her compensable back injury. Ms. Tocci, a print-machine operator at the U of A, sustained the injury on April 6, 2012, while moving a case of envelopes. Her treating physician diagnosed the injury as a low-back sprain and referred her for chiropractic manipulation, physical therapy, and orthopedic consultation. Dr. Regina Thurman eventually undertook Ms. Tocci's medical care for pain management, primarily through medication and physical therapy. The U of A controverted her claim to any additional medical treatment in the form of physical therapy after her last visit in March 2014.[1]

At a hearing before the administrative law judge in September 2014, Ms. Tocci

---

[1]In a previous opinion, entered on January 31, 2014, the Commission affirmed the law judge's 2013 decision regarding partial temporary disability.

SLIP OPINION

contended that she was entitled to deep aggressive massage and joint mobilizations as outlined by Trinity Rehabilitation in an April 2014 report. The U of A contended that only in-home physical therapy had been recommended. The law judge found in his written decision that Ms. Tocci had met her burden of proving by a preponderance of the evidence that she was entitled to additional medical treatment in the form of physical therapy at Trinity Rehabilitation. The Commission adopted and affirmed the decision of the law judge as its own. The U of A now appeals, raising two points. It contends that (1) the Commission improperly construed Arkansas Code Annotated section 11-9-508(a) and (2) substantial evidence does not support the award of additional physical therapy. We affirm.

Arkansas Code Annotated section 11-9-508(a) (Repl. 2012) requires an employer to promptly provide for an injured employee such medical treatment "as may be reasonably necessary in connection with the injury received by the employee." The U of A has not shown that it raised any argument regarding construction of reasonable and necessary to the Commission, which prevents our addressing the issue on appeal. *Vangilder v. Anchor Packaging, Inc.*, 2011 Ark. App. 240. At any rate, we will not address an argument that is unconvincing or that lacks convincing authority to support it. *Stutzman v. Baxter Healthcare Corp.*, 99 Ark. App. 19, 256 S.W.3d 524 (2007). Furthermore, despite arguing that the issue requires "examination of the very meaning of the words *reasonable* and *necessary*," the U of A is simply questioning Ms. Tocci's need for additional physical therapy and its appropriateness for her injury. These were merely factual questions for the Commission, which are to be decided under the substantial-evidence standard of review.

What constitutes reasonably necessary treatment is a question of fact for the Commission, which has the duty to use its expertise to determine the soundness of medical evidence and to translate it into findings of fact. *Hamilton v. Gregory Trucking*, 90 Ark. App. 248, 205 S.W.3d 181 (2005). The claimant may be entitled to ongoing medical treatment after the healing period has ended if the treatment is geared toward management of the compensable injury. *Patchell v. Wal-Mart Stores, Inc.*, 86 Ark. App. 230, 184 S.W.3d 31 (2004).

We defer to the Commission's findings on what testimony it deems to be credible, and the resolution of conflicting evidence is a question of fact for the Commission. *Hargis Transp. v. Chesser*, 87 Ark. App. 301, 190 S.W.3d 309 (2004). The Commission has authority to accept or reject medical opinion and to determine its medical soundness and probative force. *Oak Grove Lumber Co. v. Highfill*, 62 Ark. App. 42, 968 S.W.2d 637 (1998). Where the sufficiency of the evidence is challenged on appeal, we review the evidence in the light most favorable to the findings of the Commission and will affirm if those findings are supported by substantial evidence. *Murphy v. Forsgren, Inc.*, 99 Ark. App. 223, 258 S.W.3d 794 (2007). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.*

The U of A does not dispute that Ms. Tocci received medical treatment and care from the time of her April 6, 2012 compensable injury until she came under the care of Dr. Thurman for pain management. Ms. Tocci was taken off work for a period of time after her diagnosis of low–back sprain, and she returned to work with restrictions on April 16, 2012.

On April 18, 2012, a chiropractor performed manipulative treatment and indicated that resolution of her condition would take up to twelve weeks of care. On the same day, her treating physician indicated that she should work only half days until further notice. He subsequently ordered an MRI, referred her for physical therapy at Trinity Rehabilitation, and—when her condition did not improve—referred her for an orthopedic consultation. The consulting doctor diagnosed lumbago and lumbar spondylosis, stated that the MRI showed mild stenosis and degenerative changes at L4–5, and recommended treatment in the form of a steroid injection at L4–5. He continued to evaluate and treat Ms. Tocci and to prescribe physical therapy.

The medical evidence in this case included Dr. Thurman's written answers on January 17, 2014, to questions from the nurse case manager about Ms. Tocci's condition and need for additional treatment. Dr. Thurman wrote that Ms. Tocci had indicated that deep-tissue massage and aquatic therapy were helping "tremendously." Dr. Thurman also wrote that "[i]f the therapist feels he can transition her to a home program with the equipment she needs, then I feel she is ready for a home program." In a February 28, 2014 report conducted for U of A, a physician reviewer at the Medical Review Institute of America, Inc., opined that additional physical therapy was not appropriate:

> [T]he patient has completed over 100 physical therapy sessions over the last two years since her injury. She has previously been instructed in a home exercise program and should be more than capable of transitioning to a home exercise program at this time. The clinical documentation from Regina Thurman specifies that the patient stated she "must go to PT and get deep tissue massage as this helps tremendously with her pain." For perspective, the Official Disability Guidelines recommend 10 visits over 8 weeks for the medical treatment of lumbar intervertebral disc disorders without myelopathy.

SLIP OPINION

SLIP OPINION

Steve Flory, Ms. Tocci's physical therapist at Trinity Rehabilitation, addressed the question of whether she could move to a home exercise program:

> When Kym is away from therapy she has a decline in her functional status. The therapy provided to Kym consists of manual therapy, very deep aggressive massage and joint mobilizations. Kym's therapy also includes aquatic therapy and electric stimulation . Kym has been given and performs a home exercise/stretching program, which she has demonstrated independence. Kym has other medical conditions that prevent her from receiving injections and other types of treatments. I believe Kym's pain is real. Kym would not request to continue physical therapy if there was no benefit, based on the aggressive nature of the treatments, it's not a "feel good" massage. Kym has always been very diligent and compliant with her physical therapy. I also understand the perspective of workman's compensation, we at therapy are always encouraged/ requested to move a patient to home exercises, as quickly as possible. . . . Kym's case may present with circumstances that are not within the normal for treatment and outcomes. Kym digresses without physical therapy, but it has not brought a complete resolution of her condition.

In a progress note of June 2, 2014, Dr. Thurman wrote that Ms. Tocci reported that she was not doing as well, was unable to do her job full time due to her pain and type of job, and had to take more medications because of not having therapy. Dr. Thurman wrote,

> I also spoke with the therapist who recommends she continue with deep tissue massage as this helps her pain and can keep her functioning. I recommend she have reduced work duty if restrictions are not in place, no bending, no pulling, no pushing, no lifting greater than 10 pounds, no stooping, no crouching. I will increase her medications as she is having to take more medications due to her increased pain without the therapy.

On July 29, 2014, Ms. Tocci's case manager sent another letter asking Dr. Thurman various questions. Dr. Thurman responded on September 4, 2014. Addressing the feasibility of continuing home exercises, she wrote that Ms. Tocci could continue with home exercises "if given suitable home exercise program with equipment." Regarding the medical necessity and anticipated long-term functional benefits of deep-tissue massage, Dr. Thurman wrote,

"The patient reports deep tissue massage helps with mobility & pain. I feel we should find a way patient can do deep tissue massage along with her home exercise program."

Ms. Tocci testified that she could not undergo steroid injections in addition to the Prednisone she took for her 2006 diagnosis of Sweet's syndrome, a condition similar to Lupus. She testified that she had not had back surgery because of her age and the steroids she took for the syndrome, which sometimes caused her to miss work. She said that she did leg lifts, bicycling, and jogging—all in the pool—as part of her physical therapy. She said that she was physically able to work only five hours a day, although she had worked a couple of eight-hour days in order to be paid when workers' comp was not paying, and said that her doctor had clarified that she should work only five-hour days and should be back in therapy. She further testified, "I had pneumonia and I have flare-ups with my Sweet's condition. Other than those times I've been able to work since March [2014]. I'm doing my physical therapy, my stretching at home since March of this year. My work hours are 8:30 to 1:30." She testified that she had bought and tried a deep-tissue massager for home use, but she had to lie on it or push herself against it, and "it's not the same as somebody who knows what they're doing."

The U of A argues that substantial evidence does not support the Commission's determination that additional medical treatment in the form of physical-therapy treatments was reasonably necessary for Ms. Tocci's compensable injury. It argues that her ongoing physical therapy ceased long ago to be an effective treatment, that the medical records show it will not improve her condition, but that she "could benefit from home based therapy, which Dr. Thurman did recommend." It concludes that additional therapy is contrary to

established medical protocols, that Dr. Thurman's recommendation is medically unjustified, and that the physical therapist's support for additional sessions is motivated by financial gain.

The Commission noted Ms. Tocci's testimony that deep massage and pool therapy were beneficial to her and helped her mobility, and that her condition had worsened since her last appointment at Trinity Rehabilitation. It found that the medical evidence supported a finding that she was entitled to receive physical therapy at the facility. It based its decision upon the physical therapist's opinion that the nature of Ms. Tocci's condition caused her need for continued physical therapy other than home exercises; Dr. Thurman's subsequent opinion that Ms. Tocci needed physical therapy, including deep-massage therapy; the fact that she (Dr. Thurman) increased the prescribed medications because the pain increased without therapy; and her recommendation for deep-tissue massage in conjunction with a suitably equipped home-exercise program. The Commission gave greater weight to the opinions of the physical therapist, who had provided multiple treatments to Ms. Tocci, and of Dr. Thurman, who had evaluated her on a number of occasions, than to the opinion of the U of A's reviewing physician's opinion, who indicated that additional physical therapy was not needed.

It is the Commission's duty to make credibility determinations, to weigh the evidence, and to resolve conflicts in the medical testimony and evidence. *Tango Truck Servs., Inc. v. Skinner*, 2013 Ark. App. 682, at 2. The weight and interpretation of the medical evidence, on which this decision turned, are matters for the Commission. *Pyle v. Woodfield, Inc.*, 2009 Ark. App. 251, 306 S.W.3d 455. We hold that the evidence upon which the Commission



based its decision constitutes substantial evidence to support the award of additional medical treatment in the form of physical therapy at Trinity Rehabilitation.

Affirmed.

KINARD and HIXSON, JJ., agree.

*Robert H. Montgomery*, Public Employee Claims Division, for appellants.

*Odom Law Firm, P.A.*, by: *Conrad T. Odom*, for appellee.