2012 Ark. App. 272

**Cedric RAULSTON, Appellant**

v.

**WASTE MANAGEMENT, INC., Gallagher Bassett Services, and Indemnity Insurance Company of North America, Appellees.**

**No. CA 11–772.**

Court of Appeals of Arkansas.

April 18, 2012.

Melissa Wood, Worley, Wood & Parrish, P.A., Little Rock, for Appellees.

RAYMOND R. ABRAMSON, Judge.

The Arkansas Workers' Compensation Commission found appellant Cedric Raulston's alleged back injury to be non-compensable. On appeal, Raulston argues that the Commission erred by (1) arbitrarily disregarding testimony of witnesses and other evidence and (2) finding that a 2001 injury was barred by the statute of limitations.[1] We affirm.

Appellant began working for Waste Management, Inc., in 1995 as a dump-truck driver. In 2001, appellant injured his back, and Waste Management accepted the injury as compensable. On December 14, 2009, appellant was making a delivery when he allegedly injured his back while carrying a bucket of rocks. Appellant filed his workers' compensation claim in July 2010, after his employment with Waste Management had been terminated in June.

Appellant saw his family physician in January 2010 for a regular check-up. He

1. Rebriefing was previously ordered in this case. *Raulston v. Waste Mgmt., Inc.*, 2012 Ark. App. 68, 2012 WL 147868.

testified that he told the doctor about his back injury at that time. The notes from that appointment reflect that he complained of low-back pain but do not state its origin. In May 2010, appellant passed his D.O.T. physical. Appellant testified that he did not disclose his injury at that time because he did not want to lose his driver's license.

Appellant began treatment with Dr. Justin Seale on August 30, 2010. Appellant complained of low-back pain radiating to the left buttock, with tingling and numbness in his leg. X-rays showed no significant abnormalities, and Dr. Seale noted that an MRI was needed.

Appellant had a second appointment with Dr. Seale on October 29, 2010, at which time an MRI of appellant's lumbar spine was reviewed. It showed an acute disc protrusion at L5–S1, as well as degenerative-disc disease at L4–5 and L5–S1. Dr. Seale attributed appellant's symptoms to the disc protrusion. After discussing surgical intervention and injections, Dr. Seale and appellant decided against invasive intervention, and Dr. Seale prescribed Flexeril and Tramadol.

Dr. Seale testified in a deposition that it was his opinion that appellant's disc protrusion, which caused his symptoms, was attributable to the December 2009 accident. He also acknowledged, however, that his opinion was based on the history appellant gave him.

A hearing was held before an administrative law judge (ALJ) on December 15, 2010. Lisa Goodman testified that she was currently an operations specialist for Waste Management, and she had previously been a dispatcher. She stated that she recalled appellant reporting in December 2009 that he had been injured. When asked what he was doing when he was injured on December 14, 2009, Goodman responded that "they have to crawl up on the box quite often to move objects around to be able to tarp the loads." There was no mention of Raulston carrying a bucket of rocks. Goodman heard him discuss a December 2009 incident with his supervisor and another employee. On cross-examination, Goodman denied telling a defense firm employee that a December 14, 2009 incident had never been reported to her, although she then conceded that it was "possible" that she said that.

Kyesha Raulston, appellant's wife, testified that she had known appellant for a little more than ten years and had been married to him for nine years. On December 14, 2009, appellant complained of pain in his back and left leg when he got home from work that evening. She suggested that he go to the doctor, but according to her, he was more concerned about providing for his family and wanted to try to "stick it out." Appellant took over-the-counter pain medication. Mrs. Raulston stated that appellant's pain affected his interactions with their children, his sleep, and his ability to go on walks with her. She acknowledged that he had told her about injuring himself on other occasions, but he was able to function and got over those. She asserted that the December 14 injury was different.

Appellant testified next. After discussing his employment history with Waste Management, he recounted the events of December 14, 2009. He stated that on that day, he was at Ketcher & Company, and it was raining. He was there to deliver a container, and his truck got stuck. Appellant and a couple of the customer's workers used five-gallon buckets to carry rocks to put under the truck's tires. Appellant testified that, as he was carrying one of the buckets, something happened in his back and he "went down." He stated that he called his supervisor, Darren Moore, and told him what happened. His

supervisor asked him if he needed to go to the doctor, but appellant wanted to wait and see what happened. After fifteen to thirty minutes, he was able to walk again. He finished his route, but was limping. When he returned to the office at the end of the day, he spoke with Darren Moore and the dispatcher, Anna Holcombe, about his injury. Appellant testified that he chose to "tough it out" because it was the end of the fiscal year.

Appellant acknowledged that he had had back problems in the past, but stated that this was different and was in a different spot. He also had pain in his left leg, running down to the bottom of his foot, but he at first attributed this to his high blood pressure. Appellant went to his primary-care physician, Dr. Joseph, in January for his quarterly blood pressure and cholesterol check. He testified that he discussed his back injury with Dr. Joseph and was prescribed Naproxen.

Appellant testified to the following previous injuries: a 2001 low-back injury sustained while pulling pallets out of a dumpster; a 2002 or 2003 hip and back injury from a fall; a problem with the truck he was driving in 2007 or 2008; and a 2007 accident when the truck he was driving was hit by a bulldozer. He also injured his elbow in 1989 and filed a workers' compensation claim for that injury. Appellant also testified that he was involved in two vehicle accidents in 2000, both resulting in back and neck problems.

For the respondents, David Steinmetz, a district manager at Waste Management, testified that he first became aware of appellant's alleged December 2009 injury on the day he was terminated. In response to being terminated, appellant stated that he would see Steinmetz in court because he had a back injury.

The ALJ found that appellant failed to prove that he sustained a compensable injury. The Commission affirmed and adopted the ALJ's opinion in a 2–1 decision. The Commission's findings include the following:

The evidence of record shows that the claimant performs heavy manual labor and has had chronic back pain for many years. He has been involved in several personal and work-related accidents. He is aware of the workers' compensation process because his 2001 back injury was accepted and because he has a handbook explaining the procedure.

. . . .

[T]he claimant did not ask his employer for medical treatment until June, 2010, when he was suspended and then fired from work. There is no mention of this injury in the claimant's log sheets. He did not report this injury during his DOT physical. According to the claimant's medical records, he has been symptomatic since 2001 and attributed the cause of his symptoms to other incidents. Dr. Seale opined that he could distinguish the onset of the claimant's disc protrusion by radicular pain. According to Dr. Seale's patient questionnaire, the claimant's symptoms did not coincide with the December 14, 2009, injury or within the following month.

The Commission further found that "[t]he 2001 claim is barred by the statute of limitations." The Commission found that appellant failed to meet his burden of proof and denied benefits accordingly.

In reviewing a decision of the Workers' Compensation Commission, this court views the evidence and all reasonable inferences in the light most favorable to the findings of the Commission. *Ark. Elec. Coop. v. Ramsey*, 87 Ark.App. 254, 190 S.W.3d 287 (2004). These findings will be affirmed if supported by substantial evidence. *Id.* Substantial evidence is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* If reasonable minds could reach the result found by the Commission, we must affirm the decision. *Id.*

■ Appellant contends that the Commission's decision "should be reversed because a substantial basis does not exist for the denial of [his] claim." He argues that the Commission arbitrarily disregarded evidence, including the testimony of several witnesses. As for his wife's testimony, appellant simply notes that her testimony concerning the December injury corroborated his testimony and that no explanation was given as to why her testimony was disregarded. Appellant fails to cite any authority showing that the Commission is required to explain the reasons for disregarding her testimony. *Matthews v. Jefferson Hosp. Ass'n,* 341 Ark. 5, 8, 14 S.W.3d 482, 485 (2000) ("[W]e will not consider the merits of an argument if the appellant fails to cite any convincing legal authority in support of that argument, and it is otherwise not apparent without further research that the argument is well taken."). Appellant also contends that the testimony of Lisa Goodman was arbitrarily disregarded, and the Commission's reason for disregarding her testimony—that she recalled appellant being injured while tarping a trailer, while he claimed he was carrying a bucket of rocks—was "specious." Appellant further contends that the testimony of Dr. Seale was arbitrarily disregarded. Finally, appellant points to the "diary" notes that he kept on the backs of his pay stubs, which support his version of events.

■ It is within the Commission's province to reconcile conflicting evidence, including the medical evidence, and to determine the true facts. *Hernandez v. Wal–Mart Assocs., Inc.,* 2009 Ark. App. 531, at 2, 337 S.W.3d 531, 532 (citing *Stone v. Dollar Gen. Stores,* 91 Ark.App. 260, 209 S.W.3d 445 (2005)). Matters of credibility are exclusively within the Commission's domain, and the testimony of an interested party is always considered to be controverted. *Sally v. Service Master,* 2009 Ark. App. 209, at 4–5, 301 S.W.3d 7, 10. Furthermore, this court has held that the Commission's failure to specifically discuss conflicting evidence does not mean that the evidence was arbitrarily disregarded where there is substantial evidence to support the Commission's decision. *Unimin Corp. v. Duncan,* 2010 Ark. App. 119, 2010 WL 502971. Here, appellant's wife was obviously an interested party, the dispatcher did not seem fully aware of the alleged incident, and the doctor admitted that his medical opinion was based on the history given to him by appellant. It is important to note that the burden of proof was appellant's, and this court decides only whether there is substantial evidence to sustain the Commission's findings. Appellant's long history of back problems and failure to report his claim until he was terminated, along with the discrepancies in his witnesses' accounts, provide substantial evidence to support the Commission's finding in this case.

Appellant next argues that the Commission's finding that his claim is barred by the statute of limitations is not supported by substantial evidence. Actually, the Commission found that the 2001 injury was barred by the statute of limitations; the Commission found that the alleged December 2009 injury was not a compensable injury. Appellant's arguments are based on a December 2009 injury. The statute of limitations provides:

(b) Time for Filing Additional Compensation.

(1) In cases in which any compensation, including disability or medical, has been paid on account of injury, a claim for

additional compensation shall be barred unless filed with the commission within one (1) year from the date of the last payment of compensation or two (2) years from the date of the injury, whichever is greater.

. . . .

(c) A claim for additional compensation must specifically state that it is a claim for additional compensation. Documents which do not specifically request additional benefits shall not be considered a claim for additional compensation.

Ark.Code Ann. § 11–9–702 (Supp.2011). The last payment for appellant's 2001 injury was in 2001, and any additional compensation for that injury is clearly barred by 2010.

Affirmed.

PITTMAN and BROWN, JJ., agree.