2013 Ark. App. 346

**Albaro VIJIL, Appellant**

v.

**SCHLUMBERGER TECHNOLOGY
CORP., St. Paul Travelers, and Sec-
ond Injury Fund, Appellees.**

No. CV–12–1117.

Court of Appeals of Arkansas.

May 22, 2013.

Daily & Woods, P.L.L.C., Fort Smith, by: Douglas M. Carson, for appellant.

Ledbetter, Cogbill, Arnold & Harrison, LLP, Fort Smith, by: James A. Arnold and Victor L. Crowell, for appellees Schlumberger Technology Corp. and St. Paul Travelers.

LARRY D. VAUGHT, Judge.

Appellant Albaro Vijil appeals from a decision of the Arkansas Workers' Compensation Commission. On appeal, Vijil argues that substantial evidence does not support the Commission's finding that Vijil failed to prove that he sustained a compensable injury while lifting heavy tools at his place of employment. We affirm.

Vijil had been employed since 2005 by appellee Schlumberger Technology Corp., a company that does work in the oil and gas industry. While working a shift on July 2, 2006, Vijil was unloading very large, heavy tools off of a pickup truck onto a platform, or "V ramp," at the job site. As he moved the tools, he felt something like a "twitch" or "muscle spasm" in the midsection of his back. He was able to continue working and finished his shift, but over the next two weeks, he began experiencing numbness in his left leg. The numbness spread to his left hand and his chest; fearing that he might be about to have a heart attack or a stroke, Vijil saw a cardiologist, Dr. Julio Schwarz, on July 25, 2006. Dr. Schwarz found nothing wrong with Vijil and referred him to Dr. William Griggs, a neurologist.

Vijil reported to Dr. Griggs that he was experiencing back pain, a sense of pressure to the left of his spine in his lower back, and numbness and tingling in his left leg and arm. Concluding that Vijil had "a clear-cut peripheral neuropathy," Dr. Griggs ordered an MRI of the cervical spine. Dr. Michael Standefer performed MRI scans of Vijil's cervical, thoracic, and lumbar spine and discovered that Vijil had disc herniations at C4–5, C5–6, and C6–7 with small-disc protrusions at C7–T1 and at C3–4. The MRIs also revealed central canal stenosis and multilevel degenerative change. The thoracic MRI also demonstrated degenerative change and disc bulging at L4–5. Due to the "severe cord compression" and ruptured disc at C5–6, Dr. Standefer recommended prompt surgical intervention.

Vijil subsequently filed a workers' compensation claim, and a hearing was held before the administrative law judge (ALJ) on April 30, 2009, to determine whether Vijil had sustained a compensable injury in an employment-related accident. Following the hearing, the ALJ issued an opinion filed on July 29, 2009, denying Vijil's claim for benefits. The ALJ found that Vijil had demonstrated objective findings of difficulties with his cervical spine, as shown by the medical records; in addition, the ALJ found that Vijil had established the existence of physical injury by medical evidence.

The ALJ determined, however, that Vijil had not proved that his medically established and objectively documented injuries met the definition of a compensable injury found in Arkansas Code Annotated section 11–9–102(4)(A)(i) (Repl.2002). Specifically, the ALJ found that Vijil failed to meet his burden of proving by a preponderance of the evidence that a causal relationship existed between the incident he alleged had occurred at work and his objectively founded cervical-spine difficulties. In reaching this conclusion, the ALJ emphasized that Vijil's visit to Dr. Standefer on September 5, 2006 "is the first occasion that [Vijil] reports his belief that his difficulties are related to an incident at work. This report is more than two months removed from the alleged injury on July 2, 2006, . . . but before this report no mention was made of any work-related or non-work-related incident."

Vijil filed a timely notice of appeal of the ALJ's decision to the Commission. On March 17, 2010, the Commission entered an opinion adopting and affirming the ALJ's decision. One commissioner dissented, however, stating his belief that Vijil had offered sufficient credible testimony and evidence to demonstrate that he had sustained a compensable injury. Vijil filed a timely notice of appeal of this decision to this court on April 15, 2010. In that appeal, Vijil urged that the Commission's decision was not supported by substantial evidence and that the Commission disregarded certain evidence and made findings that were contradicted by the record.

In our February 2, 2011 opinion, *Vijil v. Schlumberger Technology Corp.*, 2011 Ark. App. 87, 2011 WL 386996, we noted that the Commission affirmed and adopted the decision of the ALJ, who wrote that Vijil did not report to anyone that he believed his injuries were work-related until his September 5, 2006 visit to Dr. Standefer.

This statement, however, was refuted by the deposition testimony of one of Vijil's co-workers, Travis Rushing. *Id.* We noted that Rushing stated that, although he was not certain of the exact date, he remembered a day when Vijil mentioned that his back and the side of his leg were hurting. *Id.* Rushing said that he knew the conversation was the day before they went to a training school in Kellyville, Oklahoma, and that he remembered that Vijil said that he was putting a tool on the truck when he hurt his back. *Id.* Vijil testified that the training school began on July 4, 2006, thus placing the date on which he told Rushing of his work-related injury on July 3, 2006. *Id.*

We further noted that because the Commission found that Vijil did not report to anyone that his injuries were work-related until September 5, 2006, we could not determine whether Rushing's testimony was disbelieved, overlooked, or disregarded arbitrarily. *Id.* We also stated that it was reversible error for the Commission to state that there was no evidence on an issue when such evidence in fact appeared in the record, and we concluded that the Commission's findings did not contain all the specific facts relevant to the contested issue. Finally, we reversed and remanded for the Commission to make findings of fact that were sufficiently detailed and specific to permit meaningful judicial review. *Id.*

On remand, the ALJ again denied benefits. This time, the ALJ discussed Rushing's testimony but held that his testimony did not provide the required causal connection between Vijil's objectively found cervical difficulties and the alleged incident. The ALJ held that (1) because the twitch Vijil described at the time of the alleged incident was in the middle of his back and not his cervical spine, it was far too remote in body location from the cervical spine to

prove the required causal relationship by a preponderance of the evidence and (2) his failure to report the incident to his supervisor or treating physicians made it improbable that a causal relationship existed. The Commission once again affirmed and adopted the findings of the ALJ.

This decision was appealed to our court for consideration of whether the Commission's decision displayed a substantial basis for the denial of the claim. In our May 23, 2012 opinion, |₅*Vijil v. Schlumberger Technology Corp.*, 2012 Ark. App. 361, 2012 WL 1869452, we noted that Vijil argued that he did not report the incident at work to the cardiologist because he was unaware that he had injured his cervical spine; rather, his concern at that time was that the numbness he was experiencing was indicative of a stroke or a heart attack and that the Commission concluded that, due to their locations, the symptoms described by Vijil could not be causally related to his cervical-spine injury. *Id.* In resolution of the matter, we held that there was nothing in the record to negate the possibility of a causal relationship, and as such, the Commission's medical conclusion was not supported by the record. *Id.* We again remanded the case for further findings that were consistent with the evidence of the case. *Id.*

On remand, the Commission decided the case without first referring it to the ALJ and found that Vijil failed to prove by a preponderance of the evidence that he sustained a compensable injury to his neck or cervical spine. The case is now before us for a third time, and the sole question before us is whether substantial evidence exists to support the Commission's conclusion and corresponding denial of benefits.

When reviewing a decision of the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Raulston v. Waste Mgmt., Inc.*, 2012 Ark. App. 272, 411 S.W.3d 711. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*, 411 S.W.3d 711. The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding, if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *St. Joseph's Mercy Med. Ctr.* |₆*v. Redmond*, 2012 Ark. App. 7, 388 S.W.3d 45. The Commission is required to weigh the evidence impartially without giving the benefit of the doubt to any party. *Keller v. L.A. Darling Fixtures*, 40 Ark.App. 94, 845 S.W.2d 15 (1992).

To receive workers' compensation benefits, a claimant must establish (1) that the injury arose out of and in the course of the employment, (2) that the injury caused internal or external harm to the body that required medical services, (3) that there is medical evidence supported by objective findings establishing the injury, and (4) that the injury was caused by a specific incident and is identifiable by the time and place of the occurrence. Ark.Code Ann. § 11–9–102(4) (Repl.2012). Vijil has the burden of proving a compensable injury by a preponderance of the credible evidence. Ark.Code Ann. § 11–9–102(4)(E)(i) (Repl. 2012). Compensation must be denied if he failed to prove any one of the requirements by a preponderance of the evidence. *Rippe v. Delbert Hooten Logging*, 100 Ark. App. 227, 266 S.W.3d 217 (2007) (citing *Mikel v. Engineered Specialty Plastics*, 56 Ark.App. 126, 938 S.W.2d 876 (1997)).

"In order to prove a compensable injury [Vijil] must prove, among other things, a causal relationship between his employment and the injury." *Searcy In-*

*dus. Laundry, Inc. v. Ferren,* 82 Ark.App. 69, 72, 110 S.W.3d 306, 308 (2003) (quoting *Wal–Mart Stores, Inc. v. Westbrook,* 77 Ark.App. 167, 171, 72 S.W.3d 889, 892 (2002)). The determination of whether a causal connection exists is a question of fact for the Commission to determine. *Jeter v. B.R. McGinty Mech.,* 62 Ark.App. 53, 968 S.W.2d 645 (1998). The determination of the credibility and weight to be given a witness's testimony is within the sole province of the Commission. *Murphy v. Forsgren, Inc.,* 99 Ark.App. 223, 258 S.W.3d 794 (2007). The Commission is not required to believe the testimony of Vijil or of any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief *Farmers Co–op. v. Biles,* 77 Ark.App. 1, 69 S.W.3d 899 (2002).

In the present matter, the Commission found that neither Vijil nor Travis Rushing was a credible witness and that the evidence did not corroborate the contention that Vijil had sustained an accidental injury to his neck or cervical spine while lifting a tool on or about July 2, 2006. The Commission also made particular mention of Dr. Griggs's notation on August 8, 2006, that "[Vijil] has not had an injury to his head, neck, or spine."

Discussing Vijil's testimony at deposition, the Commission pointed out that Vijil stated that he informed Rushing of his symptoms on or about July 3, 2006, but "did not mention" the alleged specific incident to Rushing. Vijil then revised his testimony at the hearing and asserted that he actually told Rushing, "I would like you to remember this day because I think I might have injured myself on lifting the, you know, on the job site lifting the equipment." The Commission concluded that by the time Vijil testified in May 2009, Rushing was "simply unable to recall any of the events allegedly occurring in July

2006." Finally, after prompting and leading by Vijil's attorney, Rushing stated, "I remember him saying he was putting a tool on the truck."

The Commission also specifically found that Richard Pearson and Doug Thrift were credible witnesses. Pearson and Thrift were employed by Schlumberger in 2006, and both testified that Vijil did not inform them that he had sustained an accidental injury while lifting a tool on July 2, 2006. Thrift testified that Vijil informed him, "I wasn't hurt at work." The Commission found that the evidence corroborated the testimony of Pearson and Thrift.

The Commission also found that Dr. Russell saw Vijil on August 16, 2006, and referred him to Dr. Standefer but that the record did not indicate that Vijil told Dr. Russell about an accident allegedly occurring on or about July 2, 2006. The Commission recognized that Dr. Standefer saw Vijil on September 5, 2006, and noted that Vijil "injured himself while lifting heavy tools and equipment." However, the Commission found that Dr. Standefer's notation was based on the history given him by Vijil, which was found not credible. The Commission then assigned minimal weight to Dr. Standefer's September 5, 2006 report. It is well-settled law that the Commission is entitled to review the basis for a doctor's opinion in deciding the weight and credibility of the opinion and medical evidence. *Swift–Eckrich, Inc. v. Brock,* 63 Ark.App. 118, 975 S.W.2d 857 (1998).

Additionally, the Commission specifically found incredible Vijil's assertion that his failure to inform the initial medical providers of the alleged workplace accident was due to his concern that he was suffering a stroke or a heart attack. The Commission held that Dr. Griggs's explicit statement

that Vijil "has not had an injury to his head, neck, or spine" belied Vijil's assertion in that regard. As such, because Vijil failed to establish a causal relationship between his injury and his employment, the Commission's conclusion that Vijil did not prove by a preponderance of the evidence that he had sustained a compensable injury is supported by substantial evidence, and we affirm its decision denying Vijil workers' compensation benefits.

Affirmed.

GRUBER and GLOVER, JJ., agree.