

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-13-380

| | |
|---|---|
| PULASKI COUNTY SPECIAL SCHOOL DISTRICT<br><br>APPELLANT<br><br>V.<br><br><br>MARGARET TENNER<br>APPELLEE | **Opinion Delivered** October 9, 2013<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G100583]<br><br><br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

Pulaski County Special School District (PCSSD) appeals the decision of the Workers' Compensation Commission that affirmed the administrative law judge's (ALJ) decision to award Margaret Tenner additional medical benefits. The ALJ found that Margaret Tenner proved by a preponderance of the evidence that treatment by Dr. William Ackerman is reasonably necessary and directly related to her compensable injury. We affirm the Commission's decision to award additional benefits.

Tenner, while employed by PCSSD as a bus aide, was injured when the left-side, rear tire blew off a school bus on which she was working. The blown tire jolted the bus in a way that injured her while she sat on a seat inside the bus. The parties stipulated that a compensable injury to Tenner's lower back had occurred.

After holding a hearing to determine Tenner's entitlement to additional medical treatment to manage her compensable injury, the ALJ found that Tenner should receive more

SLIP OPINION

treatment.   PCSSD timely appealed the ALJ's decision to the Full Commission.   The

Commission affirmed and adopted the ALJ's decision, stating, among other things, that

> [t]he claimant has proven, by a preponderance of the credible evidence, that the treatment provided by Dr. William Ackerman is reasonably necessary medical treatment which is directly and causally related to the August 20, 2009, admitted injury.   Further, the treatment provided by Dr. Ackerman is by referral from an authorized treating physician, Dr. Harold Chakales. Accordingly, respondents are responsible for any outstanding treatment provided by Dr. Ackerman, together with continued, reasonably necessary maintenance care recommended by Dr. Ackerman.

PCSSD appealed the Commission's decision and asks us to reverse the benefits award.

In workers' compensation cases we view the evidence, and all reasonable inferences

arising from it, in the light most favorable to the findings of the Commission.   *Jones v.*

*Scheduled Skyways, Inc.*, 1 Ark. App. 44, 612 S.W.2d 333 (1981).   If its decision is supported

by substantial evidence, we affirm.   *Pack v. Little Rock Convention Center & Visitors Bureau*,

2013 Ark. 186.  Substantial evidence is evidence "of sufficient force and character that it will,

with reasonable and material certainty and precision, compel a conclusion one way or the

other."   *Id*. at 2.   For us, the issue is not whether we might have reached a different result

than the Commission, but whether reasonable minds could reach the Commission's decision.

*Id*.   Credibility questions, and the weight to be given to witness testimony, are within the

Commission's exclusive province.   *Id*.   Moreover, the Commission's decision to accept or

reject medical opinions, and how it resolves conflicting medical evidence, has the force and

effect of a jury verdict.   *St. Edward Mercy Med. Ctr. v. Chrisman*, 2012 Ark. App. 475.   Finally,

when the Commission affirms and adopts the ALJ's findings, as it did here, then we consider

SLIP OPINION

the ALJ's decision and the Commission's opinion in tandem. *Hawley v. First Sec. Bancorp*, 2011 Ark. App. 538, 385 S.W.3d 388.

PCSSD contends on appeal that substantial evidence does not support the Commission's decision that Tenner proved an entitlement to additional medical treatment. PCSSD argues that the referral and subsequent treatment by Dr. Ackerman are not causally related to the 2009 compensable injury and that Tenner's treatment is for a pre-existing condition—not for an aggravation resulting from the compensable injury.

We hold that the Commission's decision was based on substantial evidence and the law. A pre-existing medical condition does not defeat a claim if the compensable injury aggravated, accelerated, or combined with the pre-existing condition to produce the disability for which workers' compensation benefits are sought. *Jim Walter Homes v. Beard*, 82 Ark. App. 607, 120 S.W.3d 160 (2003). Stated differently, an employer takes an employee as it finds her. *Hickman v. Kellogg, Brown & Root*, 372 Ark. 501, 277 S.W.3d 591 (2008). Here, the Commission rejected PCSSD's allegation that Tenner's impairment was caused solely by her pre-existing condition dating back to 1992. In its decision, the Commission noted that the medical evidence reflected that Tenner did not receive any medical treatment for her pre-existing condition between April 1993 and August 2009, the latter date being when her compensable injury occurred due to the tire blowout. That Tenner went approximately sixteen years without being treated for her pre-existing injury supports the Commission's conclusion that the compensable injury and related aggravations are causally related. Whether a causal connection exists is a question of fact for the Commission to determine, *Vijil v.*

3

*Schlumberger Tech. Corp.*, 2013 Ark. App. 346, and substantial evidence supports the Commission's determination that Tenner's compensable injury requires more medical treatment.

Additionally, the Commission's decision to give Dr. Brent Sprinkle's medical records less weight and credibility than that of Dr. Carter, Dr. Chakales, and Dr. Ackerman is within the Commission's exclusive province. *See Hawley*, 2011 Ark. App. 538, at 9, 385 S.W.3d at 394. The Commission may accept the opinion of one physician over another. *Vite v. Vite*, 2010 Ark. App. 565, 377 S.W.3d 453.

As a final note, PCSSD also appears to argue that Tenner's other jobs caused, or at least partially contributed to, her complaints of pain. This is essentially a causation–related argument or credibility challenge that the Commission considered and rejected when it determined whether to award additional medical treatment to Tenner.

We affirm the Commission's decision because it is supported by substantial evidence.

Affirmed.

WYNNE and BROWN, JJ., agree.

*Worley, Wood & Parrish, P.A.*, by: *Melissa Wood*, for appellant.

*Gary Davis, Attorney at Law*, by: *Gary Davis*, for appellee.