Beverly ROBINSON *v.*
ST. VINCENT INFIRMARY MEDICAL CENTER

CA 04-165                                       196 S.W.3d 508

Court of Appeals of Arkansas
Opinion delivered October 27, 2004

*Simmons S. Smith*, for appellant.

*Walter A. Murray*, for appellee.

ROBERT GLADWIN, Judge. Appellant Beverly Robinson appeals from a decision of the Workers' Compensation Commission denying her benefits. The Commission found that appellant did not suffer a compensable injury because she was not performing employment services at the time of her injury. We affirm.

Appellant worked as a housekeeper and part-time supervisor for St. Vincent Infirmary Medical Center. On the day of her injury, she had finished cleaning an operating room on the second floor and was proceeding to the fourth floor to get her coin purse

and her lunch. She testified that although she did not clock out for lunch, she was on her lunch break and was planning to take her lunch to the cafeteria after she retrieved it from the fourth floor.

As appellant stepped off the elevator on the fourth floor, she slipped in a puddle of spilled coffee, heard a pop, and thought her leg was broken. After she got up, she called for help. Her supervisor arrived, and the two women cleaned up the spilled coffee. Appellant then went to the emergency room for an exam.

Appellant later received treatment from Drs. John Wilson, Karmen Hopkins, and Harold Chakales. Dr. Chakales diagnosed lumbar disc syndrome and ordered an MRI of the appellant's lumbar spine. Following an abnormal discography, he performed an IDET procedure at L4/5 and L5/S1.

Appellant sought temporary total disability benefits and payment of medical benefits from treatment performed by Dr. Hopkins and Dr. Chakales. Appellees controverted the claimant's request for benefits, contending that appellant did not sustain a compensable injury. The administrative law judge (ALJ) found that appellant had failed to prove by a preponderance of the evidence that she was performing employment services at the time she sustained the injury, and her request for benefits was denied. The opinion of the ALJ was affirmed and adopted by the Commission.

Appellant argues four points on appeal. First, she argues that the Commission's decision is not supported by substantial evidence. We will discuss appellant's next three points together because they are essentially the same in that appellant contends that she was performing job-related duties at the time of her injury.

Our standard of review is well settled. We view the evidence in a light most favorable to the Commission's decision and affirm if it is supported by substantial evidence. *Deffenbaugh Indus. v. Angus*, 313 Ark. 100, 852 S.W.2d 804 (1993). We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *ERC Contr. Yard & Sales v. Robertson*, 335 Ark. 63, 977 S.W.2d 212 (1998).

A compensable injury is defined, in part, as an accidental injury arising out of and in the course of employment. Ark. Code Ann. § 11-9-102(4)(A)(i) (Supp. 2003). A compensable injury does not include an injury "inflicted upon the employee at a time

when employment services were not being performed." Ark. Code Ann. § 11-9-102(4)(B)(iii). In *Harding v. City of Texarkana,* 62 Ark. App. 137, 970 S.W.2d 303 (1998), we held that a claim was not compensable because employment services were not being performed when Harding tripped over a rolled-up carpet on her way to a designated smoking area in the work place. We rejected her argument that the break advanced her employer's interest by allowing her to relax and thus to work more efficiently. We observed that an employee's injury sustained en route to the break area would have been in the course of employment under prior law and the personal-comfort doctrine but that Act 796 of 1993 excluded from the definition of compensable injury any injury inflicted upon an employee while the worker was not performing employment services.

In *Beaver v. Benton County,* 66 Ark. App. 153, 991 S.W.2d 618 (1999), a child-support enforcement investigator was attending a training seminar in Fort Smith when she was injured. While at lunch, she slipped on a wet floor when she approached the buffet table. Although the employee was provided an allowance for the meal, she was not required to eat at a certain location or with her group. The lunch break was considered free time, and each person could do as he pleased. We affirmed the Commission's denial of benefits based on the finding that appellant was not performing employment services at the time she was injured. We held that an employee is performing "employment services" when he is engaging in an activity that carried out an employer's purpose or advanced the employer's interest and that appellant was not advancing the employer's interest. *Id.* at 157.

In *Ray v. University of Arkansas,* 66 Ark. App. 177, 990 S.W.2d 558 (1999), a cafeteria employee was injured during a paid fifteen-minute break when she fell in a puddle of salad dressing as she was getting a snack from the cafeteria. The record showed that even though the employee was on break, if she was approached by a student, the worker was required to leave her break and address the student's needs. The Commission found that appellant was not performing employment services at the time of the injury and denied benefits. We reversed the Commission's decision because the employee was paid for her fifteen-minute break and was required to assist student diners if the need arose. *Id.* at 181.

In *White v. Georgia Pacific Corp.,* 339 Ark. 474, 6 S.W. 3d 98 (1999), the employee was required to monitor the machines he worked on during his smoke break because no relief worker was

provided. He was injured when he fell during his smoke break. The Commission denied benefits, finding that the employee failed to demonstrate that he was performing employment services at the time of his injury. Finding White's situation to be analogous to *Ray*, *supra*, the supreme court found that the employer gleaned a benefit from White in that he remained near his work station in order to monitor the progress of his machines and would immediately return to work if necessary.

Appellant argues that this case falls within the purview of *Ray* in that she was advancing her employer's interest in the course of her employment and that she was not on a break at the time of her injury. In addition, she argues that by cleaning up the coffee after her fall, she was advancing the interest of her employer.

■ We believe this case is distinguishable from *Ray*. Here, appellant left the second floor and was proceeding to the fourth floor to get her lunch and personal effects. From there, her intention was to go to the cafeteria. Appellee gleaned no benefit from appellant going to the fourth floor to get her lunch. Her action was totally personal in nature and more in line with *Beavers* and *Harding*. Further, the fact that appellant cleaned up the spill after her fall could be considered performing employment services; however, this occurred after the fall and is of no consequence in determining whether she was performing employment services at the time of the fall.

■ Based on the foregoing, we hold that the Commission did not err in finding that appellant was not performing employment services that advanced her employer's interest, either directly or indirectly, at the time of her injury. As a result, the Commission's decision displays a substantial basis for the denial of benefits.

Affirmed.

NEAL, J., agrees.

PITTMAN, J., concurs.