
# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-13-532

| | |
|---|---|
| RHONDA MOORE<br>APPELLANT<br><br>V.<br><br><br>ARKANSAS STATE HIGHWAY &<br>TRANSPORTATION DEPARTMENT,<br>DEATH & PERMANENT DISABILITY<br>TRUST FUND, and PUBLIC<br>EMPLOYEE CLAIMS COMMISSION<br>APPELLEES | **Opinion Delivered** December 18, 2013<br><br>APPEAL FROM THE ARKANSAS<br>WORKERS' COMPENSATION<br>COMMISSION<br>[NO. F507938]<br><br><br>AFFIRMED |

## RITA W. GRUBER, Judge

Rhonda Moore appeals the February 2013 decision of the Arkansas Workers' Compensation Commission denying her claim for permanent and total disability related to her compensable back injury. She contends that substantial evidence does not support the Commission's determination. We affirm.

Permanent total disability is defined by statute as the inability, because of compensable injury or occupational disease, to earn any meaningful wages in the same or other employment. Ark. Code Ann. § 11-9-519(e)(1) (Repl. 2012). The employee bears the burden of proving the inability to earn any meaningful wage. Ark. Code Ann. § 11-9-519(e)(2) (Repl. 2012). In considering claims for permanent partial-disability benefits in excess of the percentage of permanent physical impairment, the Commission may take into account such factors as the employee's age, education, work experience, and other matters

SLIP OPINION

reasonably expected to affect his or her future earning capacity. Ark. Code Ann. § 11-9-522(b)(1) (Repl. 2012). The wage-loss factor is the extent to which a compensable injury has affected the claimant's ability to earn a livelihood. *Cross v. Crawford Cnty. Mem'l Hosp.*, 54 Ark. App. 130, 923 S.W.2d 886 (1996).

Where the Commission denies benefits because the claimant has failed to meet her burden of proof, the substantial-evidence standard of review requires that we affirm if the Commission's decision displays a substantial basis for the denial of relief. *Frances v. Gaylord Container Corp.*, 341 Ark. 527, 20 S.W.3d 280 (2000). We view the evidence in the light most favorable to the Commission's decision, which will be affirmed when it is supported by substantial evidence. *Parker v. Comcast Cable Corp.*, 100 Ark. App. 400, 269 S.W.3d 391 (2007). The issue is not whether the appellate court might have reached a different result from the Commission, but whether reasonable minds could reach the result found by the Commission; if so, the appellate court must affirm. *Id.* We defer to the Commission's findings of credibility and the resolution of conflicting evidence. *Welcher v. Davis Nursing Home*, 2009 Ark. App. 831.

Ms. Moore, who had an eleventh-grade education, worked as a service attendant at the Arkansas State Highway and Transportation Department. In July 2005, she injured her back while moving a large barrel of oil. In March 2006, she underwent a lumbar inter-body fusion at L4–5 by neurosurgeon Dr. Arthur M. Johnson. In June 2007, Dr. Johnson assigned her a permanent-impairment disability rating of 12% to the body as a whole under the appropriate guidelines of the American Medical Association.

SLIP OPINION

The Arkansas Public Employee Claims Division accepted Ms. Moore as permanently totally disabled as of May 25, 2007, the date on which Dr. Johnson listed her work status as "off permanently" and wrote that she was "unable to work." He also wrote, based upon a May 4, 2007 functional capacity evaluation, that she had a limited ability to perform any types of activities:

> Usually sitting, standing, and walking she can tolerate these for approximately ten to thirty minutes at a time and she can at a maximum lift ten pounds. The functional capacity evaluation indicates severe impairment in terms of work capabilities and therefore it is not recommended that she return to work. She is given a prescription for Darvocet-N 100 p.r.n. for pain and she is discharged from the neurosurgery clinic.

Ms. Moore received permanent and total-disability benefits until March 2010, when the claims division notified her that it would cease payments because of her activities at Phoenix Drive-In.

At a June 2012 hearing before an administrative law judge, the Arkansas State Highway and Transportation Department contended that Ms. Moore was not permanently and totally disabled based on evidence—after the date of her permanent-and-total declaration—"showing that she was working and capable of earning wages." Exhibits at the hearing included Ms. Moore's medical records; the report of her functional-capacity exam (FCE) by physical therapist James Honey; a vocation-rehabilitation evaluation performed by Heather Taylor on July 13, 2007; a surveillance-video CD of her April 2010 activities at the Phoenix Drive-In, which was owned by her ex-husband, Timothy Moore; and deposition testimony by past and present employees of the Phoenix. Live testimony was given by Ms. Moore and her ex-husband, Timothy Moore, and by Desmond Tappon, the private investigator who took the

3

video.

Ms. Moore testified that the highway department did not offer her another job and that she "got tired of looking at the four walls." She did not deny going to the Phoenix after Dr. Johnson released her from care. She stated that she could not sit or stand for long periods; that she had trouble sleeping because of pain, for which she took over-the-counter medications; that she had no schedule at the Phoenix, where she did such errands as drive to Sam's Club; and that she was never on the payroll. Timothy Moore testified that she did not engage in work activities, but "just hung out," and sometimes "kind of helped out" her friend Renee—fixing a drink or two, wiping down counters, or driving Renee to Sam's. The employees' testimony varied about the extent of Ms. Moore's activities. The private investigator testified that he saw no indication of her having any physical trouble but that he had no knowledge of her medical condition or restrictions.

The vocational-rehabilitation evaluation by Heather Taylor noted the physical therapist's statement that placed Ms. Moore in the "sedentary physical demand category" for a sedentary occupation with "opportunity to sit, stand and walk as needed . . . where she is not required to sit for six hours a day but does have the ability to alternate positions frequently as needed." Ms. Taylor's report concluded with three recommendations. First was pain-management evaluation for possible alternatives to medications Ms. Moore was taking. Second and third concerned a GED and retraining:

> I would recommend that she enroll in the adult education program as soon as possible to begin working toward obtaining her GED. Obtaining her GED will allow her to enter into a formal training program, if desired, and could enhance her employability options for the future. . . .

If she is able to obtain her GED, I would recommend that she complete some type of short-term training program so that she can gain some sedentary work skills.

The law judge found that Ms. Moore had proved entitlement to permanent and total-disability benefits. The Commission reversed, finding that she did not prove that she was unable to earn any meaningful wage in the same or other employment. The Commission awarded wage-loss disability benefits of 40%.

The Commission framed the relevant question not as whether Ms. Moore was an employee of the Phoenix Drive-In, but the extent to which her 2005 compensable injury affected her ability to earn a livelihood. It assigned minimal weight to Dr. Johnson's 2007 opinion that Ms. Moore was physically precluded from ever returning to appropriate gainful employment, instead giving greater weight to the physical therapist's opinion that she could perform at least sedentary work, and it found credible the vocational-rehabilitation report that she could return to at least a sedentary occupation, albeit with job retraining. It noted that the record lacked evidence of an offer of retraining but also did not show that Ms. Moore—who failed to obtain a GED or other education—"took any initiative to pursue job retraining or vocational rehabilitation to enhance her prospects for appropriate gainful employment." It found that surveillance evidence demonstrated she was physically able to function in a workplace setting no later than 2010.

Reasoning as follows, the Commission concluded that Ms. Moore did not prove she was permanently and totally disabled in accordance with Ark. Code Ann. § 9-11-519(e) (Repl. 2002):

> The claimant is only 44 years old, but she has not yet completed school beyond the 11th grade. The claimant has sustained a 12% permanent anatomical impairment as a result of her compensable injury and she has permanent restrictions in lifting, sitting, and standing. The evidence shows that the claimant is able to perform employment duties within her physical restrictions on at least a part-time basis. The claimant is not physically able to return to a manual labor position such as she previously held with the respondent-employer. The claimant's testimony indicated that she was taking over-the-counter medications for her chronic pain. The evidence in the present matter does not show that a reliance on prescription narcotic medication is a hindrance to appropriate gainful employment for the claimant.

The Commission also concluded that the 2005 compensable injury was the major cause of Ms. Moore's 12% anatomical impairment and 40% wage-loss disability.

Arguing for reversal, Ms. Moore points to both Dr. Johnson's opinion that she was permanently unable to return to work and the Public Employee Claims Division's determination that she was totally and permanently disabled. She notes that she was never offered retraining or schooling, that her physical therapist opined she could not return to sedentary work requiring her to sit six to eight hours a day, and that there was no evidence of her earning wages at the Phoenix. She suggests that "disgruntled employees" had reason not to testify in her favor.

This case turned on the Commission's evaluation of the weight and credibility of evidence regarding the primary issue, Ms. Moore's ability to earn meaningful wages. We are unable to say that reasonable minds could not come to the Commission's decision to reduce the law judge's finding of permanent total disability to 40% wage-loss disability. The Commission's findings constitute a substantial basis on which to deny her claim.

Affirmed.

HARRISON and WOOD, JJ., agree.
*Walker, Shock & Harp, PLLC*, by: *Eddie H. Walker, Jr.*, for appellant.
*Robert H. Montgomery*, Public Employee Claims Division, Arkansas Insurance Department, for appellees.