
# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-13-953

|  |  |
|---|---|
| DERRICK BOLDEN<br>APPELLANT<br><br>V.<br><br>WAL-MART ASSOCIATES, INC.<br>APPELLEE | **Opinion Delivered** March 19, 2014<br><br>APPEAL FROM THE ARKANSAS<br>WORKERS' COMPENSATION<br>COMMISSION<br>[NO. G002190]<br><br>AFFIRMED |

## BILL H. WALMSLEY, Judge

The Arkansas Workers' Compensation Commission denied benefits to appellant Derrick Bolden upon finding that he failed to prove that a specific incident occurred on January 27, 2010, arising out of and in the course of employment, resulting in injuries to his back.[1] The Commission determined that Bolden failed to prove that he had sustained a compensable injury in the form of either a new injury or, alternatively, the aggravation of an earlier compensable back injury. The Commission further found that, because Bolden did not sustain a compensable injury, he was not entitled to temporary-total disability benefits, medical treatment, or attorney's fees. On appeal to this court, Bolden argues that the

---

[1]The Commission affirmed and adopted the administrative law judge (ALJ)'s opinion. Typically, on appeal to our court, we review only the decision of the Commission, not that of the ALJ. *Death & Permanent Total Disability Trust Fund v. Myers*, 2014 Ark. App. 102. However, when the Commission affirms and adopts the ALJ's opinion, thereby making the findings and conclusions of the ALJ the Commission's findings and conclusions, our court considers both the ALJ's opinion and the Commission's opinion. *Id.*

SLIP OPINION

Commission's findings are not supported by substantial evidence. We disagree and affirm by issuing this memorandum opinion.

When the Commission denies benefits because the claimant has failed to meet his burden of proof, the substantial-evidence standard of review requires that we affirm if the Commission's decision displays a substantial basis for the denial of relief. *Moore v. Ark. State Highway & Transp. Dep't*, 2013 Ark. App. 752. We view the evidence in the light most favorable to the Commission's decision and affirm if it is supported by substantial evidence. *Id*. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Rector v. Healthsouth and ESIS, Inc.*, 2014 Ark. App. 135. The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Williams v. Baldor Elec. Co.*, 2014 Ark. App. 62. We defer to the Commission's findings of credibility and the resolution of conflicting evidence. *Moore, supra*.

We may issue memorandum opinions in any or all of the following cases:

(a) Where the only substantial question involved is the sufficiency of the evidence;

(b) Where the opinion, or findings of fact and conclusions of law, of  the trial court or agency adequately explain the decision and we affirm;

(c) Where the trial court or agency does not abuse its discretion and that is the only substantial issue involved; and

(d) Where the disposition of the appeal is clearly controlled by a prior holding of this court or the Arkansas Supreme Court and we do not find that our holding should be changed or that the case should be certified to the supreme court.

*In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985).

This case falls within categories (a) and (b). The only substantial question on appeal is whether the Commission's opinion was supported by sufficient evidence. Further, the Commission's opinion adequately explains the decision reached. Accordingly, we affirm by memorandum opinion.

GLADWIN, C.J., and WHITEAKER, J., agree.

*Sheila F. Campbell*, for appellant.

*Bassett Law Firm LLP*, by: *Curtis L. Nebben*, for appellee.