LARRY D. VAUGHT, Judge *125 Herbert Ayers appeals the Arkansas Workers' Compensation Commission's (Commission) order reversing the Administrative Law Judge's (ALJ) decision and finding that he is not entitled to additional medical treatment for a compensable low-back injury he suffered in 2002. We affirm.
Ayers, a sixty-seven-year-old man, began working for Tyson Poultry, Inc., as a truck driver in the late 1990s. He suffered a compensable back injury in May 2002. Ayers returned to work with permanent lifting restrictions. In May 2006, Ayers suffered another compensable low-back injury in a slip-and-fall accident. Ayers was treated after this accident by Dr. Kelly Danks. Dr. Danks specifically noted that Ayers had "chronic back pain" and had been prescribed "chronic narcotics" due to significant degenerative changes. Dr. Danks found that most of Ayers's back problems were due to a preexisting issue, and he did not expect Ayers's condition to improve significantly. The parties stipulated to Dr. Danks's conclusion that Ayers's healing period for the May 2006 injury ended on July 11, 2016.
In August 2006, Ayers received a change of physician to Dr. Eric Spann. For several years, Dr. Spann made a variety of referrals for conservative treatment therapies and prescribed Ayers prescription narcotic medication. Since 2012, Ayers has seen Dr. Spann either quarterly or monthly to receive refills of his narcotic prescriptions and occasionally receive steroid injections.
Ayers suffered a broken left hip on April 14, 2015, and underwent surgery to repair the fracture. After his hip surgery, Ayers saw Dr. Spann seven times between May 19, 2015, and November 16, 2015, for regular medication checks. On November 20, 2015, Dr. Spann ordered Ayers to undergo twelve weeks of physical therapy for postoperative hip pain and lumbar radiculopathy. Ayers testified at the hearing that he did not participate in physical therapy at that time. Ayers continued to see Dr. Spann monthly regarding his narcotic pain medication in 2016.
On June 20, 2016, Dr. Spann sent Tyson a letter requesting that it cover prescribed physical therapy for Ayers designed to address his back and core muscle abdominal issues, which had been exacerbated by his hip surgery the previous year. On July 18, 2016, Dr. Spann again ordered twelve weeks of physical therapy for core strengthening and lumbar-spine issues. At an office visit on July 25, 2016, Dr. Spann's examination noted that Ayers had "full range of motion, normal gait, [and] no obvious dysfunction or atrophy." Ayers had his initial physical-therapy visit four days later at Spine and Sports Rehab in Harrison, Arkansas.
On August 22, 2016, Dr. Spann examined Ayers and again noted that Ayers had "full range of motion, normal gait, [and] no obvious dysfunction or atrophy" and noted no abnormal findings when examining Ayers's back. Two days later on August 24, 2016, Dr. Spann sent two letters requesting that Ayers receive an additional twelve weeks of physical therapy. In one of the letters, Dr. Spann noted that Ayers had "reached a steady state with his chronic pain," had "now stabilized at a new ... slightly lowered baseline" after his hip *126 fracture, and his condition was "likely to never change." Ayers finished his first twelve weeks of physical therapy on September 9, 2016.
On September 12, 2016, Dr. John Park reviewed Ayers's medical records and evaluated Ayers's request for an additional twelve weeks of physical therapy. Dr. Park first made note of Dr. Spann's own observations in the August 24 letter regarding the stability of Ayers's condition. He further noted that Ayers's records indicated that Ayers could walk without a limp or assistive device. Dr. Park noted that post-hip-fracture physical therapy was typically done within the first two to three months after surgery to help the patient relearn how to walk without assistance and that the use of assistive devices while walking after a hip fracture could aggravate preexisting back pain. He concluded that because Ayers was already able to walk without a limp or assistance, was in a stable condition as noted by Dr. Spann, and had no trauma since the hip fracture, additional physical therapy was not medically warranted.
Ayers was seen by Dr. Spann again four times between September 21 and November 18, 2016, and each time was noted as having "full range of motion, normal gait, [and] no obvious dysfunction or atrophy" on Dr. Spann's examination.
Tyson denied Ayers's request for additional physical therapy. On October 26, 2016, a prehearing conference was conducted and the parties agreed to litigate Ayers's entitlement to an additional twelve weeks of physical therapy and whether continued treatment with Dr. Spann, a general-practice physician located over one hundred miles from Ayers's house, was reasonably necessary medical treatment.
Following a hearing on December 21, 2016, the ALJ issued an opinion finding that Ayers was entitled to additional physical therapy and that treatment with Dr. Spann was reasonably necessary treatment. Tyson appealed to the Commission, which reversed the ALJ and found that Ayers was not entitled to additional medical treatment related to his compensable injury. Ayers timely filed a notice of appeal from the Commission's decision.
In appeals involving claims for workers' compensation, this court views the evidence in a light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. Arbaugh v. AG Processing, Inc. , 360 Ark. 491, 493, 202 S.W.3d 519, 521 (2005). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. Id. at 493, 202 S.W.3d at 521 (citing Williams v. Prostaff Temps. , 336 Ark. 510, 988 S.W.2d 1 (1999) ). The issue is not whether the appellate court might have reached a different result from the Commission; if reasonable minds could reach the result found by the Commission, the appellate court must affirm the decision. Minn. Mining & Mfg. v. Baker , 337 Ark. 94, 98-99, 989 S.W.2d 151, 154 (1999).
Ayers's first argument on appeal challenges the sufficiency of the evidence supporting the Commission's decision. He argues that the Commission failed to credit certain medical evidence and gave other medical evidence too much weight. This argument has no merit. The Arkansas Workers' Compensation Act requires that an employer "promptly provide for an injured employee such medical ... services ... as may be reasonably necessary in connection with the injury received by the employee." Ark. Code Ann. § 11-9-508(a) (Repl. 2012). Reasonably necessary medical treatment includes medical treatments that are required to stabilize or maintain the condition of an injured worker.
*127 Martin Charcoal, Inc. v. Britt , 102 Ark. App. 252, 260, 284 S.W.3d 91, 97 (2008). "It is the claimant's burden ... to establish by a preponderance of the evidence that he is entitled to additional medical treatment." Hopkins v. Harness Roofing, Inc. , 2015 Ark. App. 62, at 7, 454 S.W.3d 751, 756. "What constitutes reasonably necessary treatment is a question of fact for the Commission, which has the duty to use its expertise to determine the soundness of medical evidence and to translate it into findings of fact." Goyne v. Crabtree Contracting Co. , 2009 Ark. App. 200, at 3, 301 S.W.3d 16, 17.
"Where there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and to determine the true facts." Templeton v. Dollar Gen. Store , 2014 Ark. App. 248, at 7, 434 S.W.3d 417, 421. Questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. Long v. Wal-Mart Stores, Inc. , 98 Ark. App. 70, 79, 250 S.W.3d 263, 271 (2007) (citing Patterson v. Ark. Dep't of Health , 343 Ark. 255, 265, 33 S.W.3d 151, 157 (2000) ). A claimant's testimony is deemed controverted as a matter of law. See Ester v. Nat'l Home Ctrs. Inc. , 335 Ark. 356, 363, 981 S.W.2d 91, 95 (1998) (testimony of a claimant as an interested party is taken as disputed as a matter of law); Flynn v. J.B. Hunt Transp. , 2012 Ark. App. 111, at 6, 389 S.W.3d 67, 70 ("[T]he uncorroborated testimony of an interested party is never to be considered uncontradicted."). The Commission is not required to believe the testimony of the claimant or any other witness but may accept and translate into fact only those portions of the testimony that it deems worthy of belief. Long , 98 Ark. App. at 79-80, 250 S.W.3d at 271-72. Thus, on appeal, we are "foreclosed from determining the credibility and weight to be accorded to each witness's testimony." Id. at 80, 250 S.W.3d at 272. Further, "[t]he Commission has the authority to accept or reject medical opinions, and its resolution of the medical evidence has the force and effect of a jury verdict." Cossey v. Gary A. Thomas Racing Stable , 2009 Ark. App. 666, at 7-8, 344 S.W.3d 684, 688 (citing Homes v. Beard , 82 Ark. App. 607, 120 S.W.3d 160 (2003) ). In fact, in Cossey , we specifically noted that when the Commission's decision was based on "interpretation of [the claimant's] testimony, the medical testimony, and the evidence[,]" we must "[d]efer to the Commission on credibility determinations ... [and hold] that there is substantial evidence to support the Commission's finding." Id. at 8, 344 S.W.3d at 689.
We hold that substantial evidence in the record supports the Commission's decision to reverse the ALJ's decision awarding Ayers twelve weeks of additional physical therapy. Dr. Park's opinion and Dr. Spann's medical records both support the Commission's decision. Dr. Park concluded upon review of Ayers's extensive medical records that further treatment was unnecessary because Ayers's "pain and therapy ha[ve] been unchanged for nearly 10 years." As to Ayers's specific request for physical therapy, Dr. Park explained that physical therapy is usually prescribed after a hip-fracture surgery to help the patient to regain the ability to walk without assistance because an increase in back pain after a hip fracture is most often associated with the patient's compensating for the hip injury. Dr. Park noted that these factors were not present in Ayers's case. Ayers did not go to physical therapy until well over a year after his hip fracture had occurred. By the time physical therapy was ordered, it is uncontested that Ayers had gained the ability to walk unassisted and without a limp.
*128 Additionally, before beginning physical therapy, Ayers had already regained full range of motion, had a normal gait, and had no obvious dysfunction or atrophy on examination. Ayers's own doctor, Dr. Spann, had concluded that Ayers's condition had stabilized and was not likely to change. Dr. Spann also repeatedly found on his physical examinations that Ayers had full range of motion and no obvious dysfunction or atrophy. Therefore, we hold that there was substantial evidence to support the Commission's decision to deny further medical treatment in the form of physical therapy.
We reject Ayers's argument that the ALJ's opinion should be reinstated over the findings of the Commission based on his assertion that the ALJ correctly found Ayers's testimony credible and had a superior "ability to view [his] demeanor, voice inflection, indications of pain and other facts." The Arkansas Supreme Court has held that the findings of the ALJ are irrelevant on appeal unless the Commission affirms and adopts the ALJ's decision. See Freeman v. Con-Agra Frozen Foods , 344 Ark. 296, 304, 40 S.W.3d 760, 766 (2001) (noting that it is "well settled that the ALJ's findings are irrelevant for purposes of appeal, as this court is required by precedent to review only the findings of the Commission and ignore those of the ALJ"). Second, we have consistently held that the Commission has "authority to disregard the testimony of any witness, even a claimant, as not credible." Long , 98 Ark. App. at 80, 250 S.W.3d at 272.
Ayers also challenges the Commission's decision to deny additional medical treatment by Dr. Spann. He argues that (1) the Commission overreached and ruled on an issue not before it and (2) that the evidence does not support such a finding. We affirm on both points. As to the first argument, the ALJ's opinion clearly states that the parties agreed to litigate "whether continued treatment with Dr. Spann, who has relocated his practice 107 miles away from claimant's residence, is reasonably necessary treatment." Ayers cites no authority and makes no convincing legal argument for reversal on this point. The Arkansas Supreme Court has held that appellate courts will not consider an issue if the appellant has failed to cite any convincing legal authority in support of his or her argument. Walters v. Dobbins , 2010 Ark. 260, at 6-7, 370 S.W.3d 209, 213 ; Johnson v. Encompass Ins. Co. , 355 Ark. 1, 130 S.W.3d 553 (2003). The Arkansas Supreme Court has further held that the failure to develop a point legally or factually is reason enough to affirm the circuit court. Id. at 6-7, 370 S.W.3d at 213.
We also affirm as to the sufficiency of the evidence supporting the Commission's decision to deny Ayers additional medical benefits for treatment by Dr. Spann. Much of the evidence discussed above regarding the denial of Ayers's request for additional physical therapy also supports the Commission's denial of further treatment by Dr. Spann. Dr. Park concluded upon review of Ayers's medical records that further treatment was unnecessary because Ayers's "pain and therapy ha[ve] been unchanged for nearly 10 years." Moreover, Dr. Spann concluded that Ayers's condition had stabilized and was not likely to change. Therefore, there was substantial evidence to support the decision, and we must affirm pursuant to our standard of review.
Affirmed.