Cite as 2019 Ark. App. 530

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-19-203

|  |  |
|---|---|
| ALMA RODRIGUEZ-GONZALEZ<br>APPELLANT | **Opinion Delivered:** November 13, 2019 |
| V. | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G704296] |
| JAMESTOWN HEALTH AND REHAB, LLC, AND AMTRUST NORTH AMERICA<br>APPELLEES | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Alma Rodriguez-Gonzalez appeals the Arkansas Workers' Compensation Commission's (Commission's) decision finding that she failed to establish that she suffered a compensable injury while performing employment services for Jamestown Health and Rehab, LLC (Jamestown). On appeal, she argues that the Commission's decision is not supported by substantial evidence. We affirm.

Rodriguez worked as a housekeeper for Jamestown. On June 9, 2017, she slipped and fell on a wet floor in the lobby. She injured her neck, right shoulder, right hip, right ankle, and right knee. Jamestown controverted the claim, and the case proceeded to a hearing before an administrative law judge (ALJ).

At the hearing, Rodriguez testified that on June 9, 2017, she was picking up trash in the Jamestown lobby when she slipped and fell on a wet floor. She stated that at the time of

her fall, she was helping an employee-in-training clean the lobby. She testified that she had her cleaning equipment with her. She further noted that at Jamestown, accidents frequently happen with the elderly residents and that she had to be on call at any time. She explained that if a resident or supervisor needed her help on her way to lunch, she would return to work to help them.

She testified that after she fell, she continued working in her assigned Hall 300. She stated, however, that her pain worsened, so she sought medical attention. She noted that she then went to Elisa Castro, the human-resources officer, and filled out paperwork. She testified that Castro told her to take her lunch break and to go to the doctor. She stated that she had not had a break that day and did not eat lunch. She testified that she usually eats in the lunchroom. She stated that she has, on occasion, purchased her lunch in the cafeteria, but she also sometimes just brings a snack. On cross-examination, Rodriguez admitted that she had stated in a prior deposition that at the time of her fall, she was going to lunch and that her food was in her car.

Carlos Chavez, the housekeeping supervisor, testified that employees have a thirty-minute lunch break and that if employees choose to leave the facility, they must clock out and then clock back in when they return. He explained that if employees remain at the facility, the employees can sit in their cars in the parking lot or they can eat in the lunchroom. He noted that thirty minutes is automatically deducted for lunch when they do not clock out.

Chavez further testified that the facility has six halls and that housekeeping employees are assigned to clean two halls. He stated that a single housekeeping employee is assigned to

clean the extra areas, which include the lobby and bathrooms. He testified that if Rodriguez is assigned Halls 300 and 400, she is not required to clean the lobby or any other areas. Chavez stated that he saw Rodriguez fall on June 9 and that she fell while she was walking toward the front door. He testified that she did not have her cleaning equipment with her and that he thought she was going to lunch. He noted that another employee was cleaning the lobby at the time.

Castro, the human-resources officer, testified that Rodriguez reported that she injured herself and that she advised Rodriguez to complete a witness-statement form. She explained that Rodriguez did not know how to complete the form so she assisted her. Castro testified that Rodriguez indicated she was on her lunch break and that she slipped because the floor was wet. She noted that the form was completed in Spanish.

Castro further testified that a surveillance camera recorded Rodriguez's fall. She stated that she watched the video that showed Rodriguez fall while walking toward the front door. She noted that Rodriguez did not have any cleaning equipment with her. She testified that the recording no longer exists because the system deletes footage after fifteen days. She believed that Rodriguez parked her car in the front parking lot.

Following the hearing, the ALJ entered an order finding that Rodriguez had not established a compensable injury because she was not performing employment services at the time of her fall. The ALJ specifically found that Rodriguez was going to get her lunch. Rodriguez appealed the ALJ's decision to the Commission, and the Commission affirmed and adopted the ALJ's opinion. This appeal followed.

3

Normally, we review only the decision of the Commission, not that of the ALJ. *Queen v. Nortel Networks, Inc.*, 2012 Ark. App. 188. However, when, as here, the Commission affirms and adopts the ALJ's opinion, thereby making the findings and conclusions of the ALJ the Commission's findings and conclusions, our court considers both the ALJ's and the Commission's opinions. *Mercy Hosp. Fort Smith v. Hendley*, 2015 Ark. App. 527. Our court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *Baxter Reg'l Med. Ctr. v. Ferris*, 2018 Ark. App. 625, 565 S.W.3d 149. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. *Id.* The issue is not whether the appellate court might have reached a different result from the Commission but whether reasonable minds could reach the result found by the Commission. *Prock v. Bull Shoals Boat Landing*, 2014 Ark. 93, 431 S.W.3d 858.

On appeal, Rodriguez argues that substantial evidence does not support the Commission's finding that she failed to prove she suffered a compensable injury while performing employment services for Jamestown. She asserts that her testimony establishes that she was helping another employee clean the lobby when she sustained the injuries. She points out that she was still on the clock and even assuming that she was preparing to go to lunch, she had not exited the facility. She further claims that the nature of her job requires her to be on call at all times, including her lunch break.

A compensable injury is defined, in part, as an accidental injury arising out of and in the course of employment. Ark. Code Ann. § 11-9-102(4)(A)(i) (Repl. 2012). A

compensable injury does not include an injury "inflicted upon the employee at a time when employment services were not being performed." Ark. Code Ann. § 11-9-102(4)(B)(iii).

This court has recognized several factors that are instructive when examining this issue: (1) whether the accident occurs at a time, place, or under circumstances that facilitate or advance the employer's interests; (2) whether the accident occurs when the employee is engaged in activity necessarily required in order to perform work; (3) whether the activity engaged in when the accident occurs is an expected part of the employment; (4) whether the activity constitutes an interruption or departure, known by or permitted by the employer, either temporally or spatially, from work activities; (5) whether the employee is compensated during the time that the activity occurs; (6) whether the employer expects the worker to cease or return from permitted nonwork activity in order to advance some employment objective. *Ark. Methodist Hosp. v. Hampton*, 90 Ark. App. 288, 205 S.W.3d 848 (2005).

In *Robinson v. St. Vincent Infirmary Medical Center*, we affirmed the Commission's finding that a housekeeper was not performing employment services when she slipped and fell on a puddle of coffee when she was retrieving her lunch on the fourth floor of the hospital. 88 Ark. App. 168, 196 S.W.3d 508 (2004). The claimant did not clock out for lunch, but she was on her lunch break and planned to take her lunch to the cafeteria after retrieving it. *Id*. She also cleaned up the coffee after the accident. *Id*. We reasoned that the employer gleaned no benefit from the housekeeper going to get her lunch and that her action was totally personal in nature. *Id*.

We find the circumstances in this case similar to those in *Robinson* and that substantial evidence supports the Commission's finding that Rodriguez was on her way to lunch when she fell in the lobby. She told the human-resources office immediately following the incident that she fell when she was going to lunch. She also stated in a deposition that she was on her lunch hour and that her food was in her car. Further, both the human-resources officer and the housekeeping supervisor testified that Rodriguez was walking toward the front door when she fell and that she did not have her cleaning equipment. They also testified that Rodriguez had been assigned certain halls to clean and that she was not required to clean the lobby.

Rodriguez relies on her own testimony that she was not going to lunch but was helping another employee clean the lobby. However, when there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and to determine the true facts. *Ayers v. Tyson Poultry, Inc.*, 2018 Ark. App. 206, 547 S.W.3d 123. We are foreclosed from determining the credibility and weight to be accorded to each witness's testimony. *Id.* Accordingly, we hold that substantial evidence supports the Commission's decision that Rodriguez failed to establish a compensable injury because she was not performing employment services at the time of the accident.

Affirmed.

VIRDEN and HIXSON, JJ., agree.

*Tolley & Brooks, P.A.*, by: *Evelyn E. Brooks*, for appellant.

*Frye Law Firm, P.A.*, by: *William C. Frye*, for appellees.