Cite as 2020 Ark. App. 127

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV-19-366

| | |
|---|---|
| COREY ALLEN<br><br>APPELLANT<br><br>V.<br><br>EMPLOYBRIDGE HOLDING CO. AND GALAGHER BASSETT SERVICES, INC.<br><br>APPELLEES | **Opinion Delivered:** February 19, 2020<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G707780]<br><br><br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Corey Allen appeals from the decision of the Arkansas Workers' Compensation Commission ("the Commission") that found he failed to rebut the statutory presumption that his work-related injury was substantially occasioned by the use of illegal drugs. We find no error and affirm.

In appeals from decisions of the Commission, our court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. *Macsteel v. Hindmarsh*, 2019 Ark. App. 458, 588 S.W.3d 53; *Baxter Reg'l Med. Ctr. v. Ferris*, 2018 Ark. App. 625, 565 S.W.3d 149. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. *Macsteel*, *supra*. When reasonable minds could reach the result found by the Commission, the appellate court must affirm even though it might have reached a different result from the Commission. *Prock v. Bull Shoals Boat Landing*, 2014 Ark. 93, 431 S.W.3d 858.

As the claimant, Allen bore the burden of establishing a compensable injury. A "compensable injury" is defined as an accidental injury causing internal or external physical harm to the body that arises out of and in the course of employment and which requires medical services or results in disability or death. Ark. Code Ann. § 11-9-102(4)(A)(i) (Repl. 2012). Here, Allen sustained a work-related injury to his right thumb and index finger. His injury was not compensable, however, if it was "substantially occasioned by the use of . . . illegal drugs." Ark. Code Ann. § 11-9-102(4)(B)(iv)(a). Allen tested positive for marijuana, an illegal drug. Section 11-9-102(4)(B)(iv)(b) establishes a rebuttable presumption that Allen's injury was substantially occasioned by the presence of illegal drugs. Therefore, Allen was not entitled to compensation unless he proved by a preponderance of the evidence that the drugs did not substantially occasion his injury. *See* Ark. Code Ann. § 11-9-102(4)(B)(iv)(d). Whether a rebuttable presumption is overcome by the evidence is a question of fact for the Commission to determine. *See Blair v. Am. Stitchco, Inc.*, 2020 Ark. App. 38, at 3 (citing *Reed v. Turner Indus.*, 2015 Ark. App. 43, 454 S.W.3d 237).

Allen was employed by appellee Employbridge Holding Services, a temporary staffing agency, and was performing work for FMH. As part of his job with FMH, Allen was required to move large conveyor-belt parts that weighed approximately one ton. Allen would take a strap that was attached to a crane, adjust the strap around the center of the conveyor, and balance the conveyor so that it would not swing back and forth. Once the strap was placed appropriately, the conveyor part could be lifted by the crane, which was operated by remote control.

On October 24, 2017, Allen was performing his job duties prepping the conveyors. He had just come back to work from his lunch break and was trying to adjust the strap around the conveyor. He could not balance the conveyor part to his satisfaction and so he braced his body against it to keep it from swinging too much. He tried to lower the part, but it came down too fast and hit the remote control that Allen was holding, crushing his right thumb and index finger. A coworker, Johnny Anderson, had to use a forklift to lift the conveyor part off of Allen's hand.

Anderson drove Allen to the hospital, where he was given morphine, Zofran, and lidocaine. Hospital staff also performed a drug screen, which was required by the employer in the event of an employee injury. The nurse who administered the test told Anderson that Allen informed her that he did not want to take the drug test. Anderson then went to speak to Allen, who once again asked to have the hospital not give him the drug test. According to Anderson, "[e]ither he knew he was not going to pass it or he just didn't want to take it." Allen tested positive for marijuana and opiates and was subsequently terminated from his job because of the positive drug test.

Allen sought workers' compensation benefits as a result of his injury; Employbridge controverted his entitlement to benefits, citing the positive test for marijuana and arguing that Allen's injury was substantially occasioned by the use of drugs and therefore not compensable under section 11–9–102(4)(B)(iv)(a). An administrative law judge (ALJ) held a hearing to determine whether Allen's injury was compensable and found that it was. Employbridge appealed to the full Commission, which reversed the ALJ's decision in a 2–

opinion, finding that Allen failed to rebut the presumption. Allen timely appealed to this court and asserts that the Commission's decision is not supported by substantial evidence.

On appeal, Allen acknowledges that his positive test for marijuana triggered the statutory presumption. He argues, however, that he presented sufficient evidence to successfully rebut that presumption. We therefore turn to an examination of the facts presented to the Commission on the question of whether Allen's injury was substantially occasioned by the use of illegal drugs.

Before the Commission, Allen denied having used marijuana at any time on the day of the accident, said he had no reason to expect that he would test positive, and denied asking anyone not to administer the test. Essentially, Allen testified that he was not intoxicated at the time of the injury, that he used good judgment in the course of his job duties, and that there was nothing he could have done to prevent the accident because it was not possible to have reacted fast enough to avoid it. In support of his position, Allen offered the testimony of Thomas "Bacon" Hart, a team leader at FMH. Among other things, Hart said that he observed Allen at a preshift team meeting, that Allen did not appear wobbly, and that he did not believe Allen was intoxicated.

The Commission heard other evidence concerning Allen's use of illegal drugs and the impact that illegal drugs may have had on Allen's judgment in the performance of his job duties. Cardarious Parchman, a coworker and acquaintance of Allen's, testified that he had known Allen to use marijuana. He further testified that on the day of the injury, he

4

observed Allen and saw that Allen's eyes were bloodshot at the beginning of the shift.[1] Parchman's impression of what caused the injury was that Allen was using poor judgment "or wasn't paying attention to the job he was doing."

Parchman's impression of Allen's judgment was corroborated by other witnesses. Terri Crowley, the resource manager for FMH, testified that a safety incident report completed after the accident reflects that Allen admitted he "didn't judge the momentum" of the heavy machine part. In her experience observing employees operating the crane, she had never seen anyone doing Allen's job cause the conveyor to sway the way Allen described it. She said she was unaware of any malfunction in the machine itself. She therefore concluded that Allen "did something wrong" to cause the accident.

Johnny Anderson, Allen's supervisor, agreed with Crowley's opinion about the injury. He testified that he had never before seen an accident like the one that happened to Allen. He said he was unaware of any kind of equipment malfunction, and from the way the accident happened, it was the operator's fault because he should not have had his hand in the space between the conveyor and the remote.

Anderson's testimony also raised questions about Allen's credibility. Anderson took Allen to the emergency room, where Allen asked him to have the hospital not administer the drug test. Anderson formed an opinion based on Allen's reaction at the emergency room that Allen knew something was in his system. Sammy Chaisson, Anderson's supervisor, also

---

[1]On cross-examination, Parchman admitted that he used marijuana himself, that he did not see Allen use marijuana on the day of the accident, that he was "not a toxicologist," and that he did not smell marijuana on Allen on that day.

testified that after the accident, one of the nurses from the hospital called to say that Allen did not want to take the drug test. The nurse asked Chaisson whether he could "override" the test requirement, and Chaisson said he could not because it was company policy that Allen had to take it. Chaisson added, however, that he had seen Allen on his shift, and he did not appear intoxicated at the time of the accident.

On the basis of this testimony, the Commission found that Allen failed to rebut the statutory presumption that the accident was substantially occasioned by the use of illegal drugs. We agree.

Allen had the burden to rebut the statutory presumption that his injury was substantially occasioned by the use of illegal drugs. In *ERC Contractor Yard & Sales v. Robertson*, our supreme court held that the plain and ordinary meaning of the phrase "substantially occasioned" requires that there be a direct causal link between the use of alcohol (or illegal drugs) and the injury in order for the injury to be noncompensable. 335 Ark. 63, 71, 977 S.W.2d 212, 216 (1998). As noted above, whether an employee has overcome the presumption is a question of fact for the Commission. *Blair, supra.*

Here, the Commission made express findings regarding the credibility of the witnesses. The Commission found that "the claimant was not a credible witness," specifically rejecting Allen's testimony that he had not used marijuana on October 24. The Commission further found that both Anderson and Crowley were credible witnesses when they said that the accident was Allen's fault. It concluded that the conveyor fell and injured Allen's hand as a result of his extreme carelessness, stating:

> The evidence demonstrates that the claimant's accident on October 24, 2017 was caused by extreme carelessness and flawed judgment, which actions were the result

6

of the claimant's use of the illegal drug marijuana. The Full Commission therefore finds that the claimant did not rebut the presumption that the accidental injury was substantially occasioned by the claimant's use of the illegal drug marijuana.

Citing his own denial of having used marijuana and the testimony of his coworkers and supervisors who all said he did not appear to be intoxicated on the day of the accident, Allen argues that his testimony should have been deemed credible. We are unable to find merit in Allen's contentions. Questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Lowe's Home Ctrs., Inc. v. Robertson*, 2019 Ark. App. 24, at 8, 567 S.W.3d 899, 905. We are thus foreclosed from determining the credibility and weight to be accorded to each witness's testimony, and we defer to the Commission's authority to disregard the testimony of any witness, even a claimant, as not credible. *Id.* When there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and determine the facts. *Id.* Allen is essentially asking this court to reweigh the evidence, which we simply do not do. *See Ark. State Military Dep't v. Jackson*, 2019 Ark. App. 92, at 8, 568 S.W.3d 811, 816 ("In asking us to overturn the Commission's decision, ASMD is requesting us, in essence, to reweigh the evidence and credibility findings made by the Commission. That is not our role."). We therefore affirm.

Affirmed.

GLADWIN and HARRISON, JJ., agree.

*Caldwell Law Firm, P.A.*, by: *Andy L. Caldwell*, for appellant.

*Mayton, Newkirk & Jones*, by: *L. Eric Newkirk*, for appellees.